UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA EILERT, | :   HONORABLE JEROME B. SIMANDLE |
|         Plaintiff, | : |
|         v. | :   Civil Action No. 15-8205  (JBS) (JS) |
| LOYAL SOURCE GOVERNMENT SERVICES, LLC, et al. | : |
|         Defendants. | : |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF CLAIMS**

It is hereby stipulated and agreed by and between Jessica Eilert, the undersigned plaintiff (hereinafter "plaintiff"), and the federal defendants, Jeh Johnson, the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, and the United States Coast Guard (hereinafter "federal defendants"), by and through their respective attorneys as follows:

     1.     Plaintiff and the federal defendants (collectively "parties") do hereby agree to settle and compromise fully each and every claim of any kind, whether known or unknown, arising directly or indirectly from the alleged acts or omissions that gave rise to that above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release (hereinafter "Agreement").

     2.     **Settlement Payment.** The federal defendants agree to pay Ten Thousand Dollars ($10,000), to Plaintiff Jessica Eilert by electronic fund transfer to Wall & London LLC, attorneys for plaintiff, as follows:

     A.     Name of Plaintiff's Law Firm's Bank: ██████████

     B.     Street Address of Bank: ██████████

     C.     City, State and Zip Code of Bank: ██████████

     D.     Routing Number (9 digits): ██████████

     E.     Checking Account or Savings Account:  Attorney Trust Account

     F.     Payee Law Firm Account Number: ██████████

Plaintiff's attorneys agree to distribute the settlement proceeds to plaintiff and to execute a stipulation of dismissal with prejudice of the above-captioned action, with each party bearing its own fees, costs, and expenses.

3.    **IRS Issues.**  Plaintiff and plaintiff's counsel understand that the United States Department of the Treasury will not withhold taxes from the settlement amount; that the United States Department of Transportation will report the entire amount of the check to the Internal Revenue Service on a Form 1099; and that the question of tax liability, if any, as a result of such payment is a matter to be resolved between plaintiff and the IRS.

4.    **Release by Plaintiff.**  Plaintiff hereby releases and forever discharges the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, the United States Coast Guard, and their current or former respective officers, agents, and/or employees, from any and all claims, demands, rights, and causes of action of any and every kind, nature, and character, known and unknown, undisclosed or unanticipated, which plaintiff may now have or has ever had against the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, the United States Coast Guard, and any of its current or former officers, agents, and employees. This Agreement shall release all claims brought by plaintiff in the above-captioned lawsuit.

5.    **Hold Harmless Provision.**  Plaintiff and her guardians, heirs, executors, administrators, or assigns, hereby agree to accept the settlement amount set forth in paragraph 2 of this Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen injuries, damages, and losses which she may have or hereafter acquire against the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, the United States Coast Guard, and any and all of their officers, agents, servants, and employees, current or former, on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, the United States Coast Guard, and any and all of their officers, agents, servants, and employees, current or former, from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to, or resulting from, further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators, or assigns against any third party or against the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, the United States Coast Guard, and any and all of their officers, agents, servants, and employees, current or former, on account of the same subject matter that gave rise to the above-captioned lawsuit.

6.    **Non-Admission.**  This Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the Secretary of the United States Department of Homeland Security, the United States Department of Homeland Security, the United States Coast Guard, and its officers, agents, servants, or employees, current or former, and is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of future litigation.

7.    **Sole Possessor.**  Plaintiff represents that she is the sole possessor of the claims being released and that she has not assigned or otherwise transferred any of those claims.

8. **Successor and Assigns.**  Plaintiff understands and agrees that this Agreement shall bind and be binding upon her heirs, personal representatives, spouse, executors, administrators, and/or assigns.

9. **Interpretation.**  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

10. **Severability.**  The parties agree that if any provision of this Agreement is declared or determined by any court to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and in effect.

11. **Integration.**  This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter of the above-filed action.  There are no oral side agreements or understandings. No other promises or agreements shall be binding unless contained in a writing and signed by the parties.

12. **Jurisdiction.**  The parties agree that the United States District Court for the District of New Jersey shall retain jurisdiction over this action for a period of one year for the sole purpose of addressing any claims arising from this Agreement, including claims of breach or failure to comply or requests for enforcement or rescission of the Agreement. This Agreement does not entitle plaintiff to any additional monetary payments, including damages for any alleged breach, except as provided for in paragraph 2 above.

13. **Capacity to Enter into Agreement.**  Plaintiff represents and agrees that she is of legal age and mentally competent to execute this Agreement and fully understands her right to discuss this Settlement Agreement with an attorney; that to the extent, if any, she desired to do so, she has availed herself of this opportunity; that she has carefully read and fully understands all the provisions of this Agreement; and that she is voluntarily entering into this Agreement with full understanding of its legal consequences and without any duress or pressure.  In the event any plaintiff is a minor or a legally incompetent adult, the plaintiff must obtain Court approval of the settlement at her expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the federal defendants may void this settlement at their option in the event such approval is not obtained in a timely manner.  In the event plaintiff fails to obtain such Court approval, this entire Agreement and the compromise settlement are null and void.

14. **Dismissal of the Litigation.**  In consideration of the settlement amount set forth in paragraph 2 of this Agreement, plaintiff's attorney agrees to execute such documents as shall be necessary to cause the above-captioned action to be dismissed with prejudice from the docket of this Court, with the parties bearing their own attorneys' fees and costs incurred in connection with this entire matter, including, but not limited to, those costs and fees incurred in the negotiation, drafting, and implementation of this Agreement.

15. **Non-Confidential Agreement.** The parties agree that this Agreement, including all the terms and conditions of this compromise settlement and any additional written agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

16.    The parties agree that the terms of this Agreement are based on specific facts and circumstances related to this matter alone. No precedent is established by this Agreement.

17.    It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 29 day of _____July_____, 2016.

WALL & LONDON LLC


_____
ZACHARY R. WALL, ESQUIRE
Attorneys for Plaintiff


Executed this 28 day of _____July_____, 2016.


_____
JESSICA EILERT
Plaintiff

Executed this 29 day of _____July_____, 2016.

PAUL J. FISHMAN
United States Attorney


_____
BY: ELIZABETH A. PASCAL
Assistant U.S. Attorney
Attorney for the Federal Defendants